# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>Respondent. | Case No.  1:15-cv-00122-GSA-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## I.

## BACKGROUND

Petitioner is presently incarcerated at the United States Penitentiary Atwater, in Atwater, California.  Petitioner filed the instant petition on January 22, 2015, and he challenges his conviction in the Eastern District of Pennsylvania for conspiracy to possess with intent to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846; attempting to possess with intent to distribute in excess of 100 grams, approximately 390 grams, of heroin in violation of 21 U.S.C § 841(a)(1); using and carrying a

1   firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c);

2   robbery under the Hobbs Act in violation of 18 U.S.C. § 1951(a); using and carrying a firearm

3   during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and being a felon

4   in possession of a firearm, 18 U.S.C. § 922(g)(1).  See United States v. Hoffman, Case No. 01-

5   cr-00169- 2 (E.D.Pa.).[1]

6          Following Petitioner's conviction and sentence, he appealed to the Third Circuit Court of

7   Appeals.  On September 13, 2005, the Third Circuit affirmed the conviction, but vacated the

8   sentence and remanded for resentencing because United States v. Booker, 543 U.S. 220, 125

9   S.Ct. 738, 160 L.Ed.2d 621 (2005), had been decided in the interim.  See United States v.

10  Hoffman, 148 Fed. Appx. 122 (3rd Cir. 2005).  Petitioner was resentenced by the Eastern District

11  of Pennsylvania on December 11, 2006.  He then appealed to the Third Circuit Court of Appeals,

12  and his resentencing was affirmed.  See United States v. Hoffman, 271 Fed. Appx. 227 (3rd Cir.

13  2008).  Petitioner then filed a motion to vacate, set aside or correct the sentence with respect to

14  this conviction pursuant to 28 U.S.C. § 2255 in the Eastern District of Pennsylvania, which was

15  denied on October 30, 2009.  See United States v. Hoffman, 2009 WL 3540770 (E.D.Pa. Oct. 30,

16  2009).  On October 14, 2011, Petitioner's motion for a new trial was denied by the Eastern

17  District of Pennsylvania.  See United States v. Hoffman, 2011 WL 4901366 (E.D.Pa. Oct. 14,

18  2011).

19         Petitioner has filed the instant petition for writ of habeas corpus under 28 U.S.C. 2241,

20  claiming that his sentence is contrary to the United States Supreme Court's recent decision in

21  Alleyne v. United States, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).  Petitioner

22  also claims that his attorney did not tell him about a plea offer, in violation of another recent

23  Supreme Court decision, Missouri v. Frye, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 1399, 182 L.Ed.2d 379

24  (2012).

25  _____

26  [1] This Court "may take notice of proceedings in other courts, both within and without the federal
    judicial system, if those proceedings have a direct relation to matters at issue."  U.S. ex rel.
    Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also

27  MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631
    F.2d 118, 119 (9th cir. 1980).  Accordingly, the Court takes judicial notice of United States v.

28  Hoffman, Case No. 01-cr-00169- 2 (E.D.Pa.).

1

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983)=; In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).  Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir.

1   1987).

2       Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek

3   relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or

4   ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th

5   Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.   The Ninth Circuit has

6   recognized that it is a very narrow exception.   See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.)

7   (as amended), cert. denied, 540 U.S. 1051 (2003).   The remedy under § 2255 usually will not be

8   deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a

9   remedy under that section is procedurally barred.   See Aronson v. May, 85 S.Ct. 3, 5 (1964)

10  (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d

11  at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255

12  petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope,

13  229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is

14  inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

15      The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241

16  pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the

17  crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot'

18  at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954

19  (9th Cir.2000)); see also Stephens, 464 F.3d at 898.   In explaining that standard, the Ninth

20  Circuit stated:

21          In other words, it is not enough that the petitioner is presently
            barred from raising his claim of innocence by motion under §
22          2255. He must never have had the opportunity to raise it by
            motion.
23

24  Ivy, 328 F.3d at 1060.

25      Petitioner maintains that, in light of the United States Supreme Court case of Alleyne v.

26  United States, ⸺ U.S. ⸺, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), he is actually innocent of

27  his sentence.  In Alleyne, the Supreme Court extended the reach of its decision in Apprendi v.

28  New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and held that any fact that

4

1  increases a mandatory minimum sentence is an element of the offense that must be proven to a

2  jury beyond a reasonable doubt.  In Frye, the Supreme Court applied the Strickland test for

3  ineffective assistance of counsel to a claim that petitioner's trial counsel had not informed the

4  petitioner about a plea offer from the prosecution.  Frye, 132 S.Ct. at 1405-11.

5      Petitioner argues that § 2255 is inadequate and ineffective for gaining relief on his

6  claims, because he did not have an opportunity to raise his Frye and Alleyne claims in his first §

7  2255 petition.  The Supreme Court issued its decision in Frye on March 21, 2012, and its

8  decision in Alleyne on June 17, 2013, which were both after the conclusion of Petitioner's first §

9  2255 petition.

10     However, Petitioner has failed to demonstrate that his claims qualify under the "savings

11  clause" of Section 2255 because Petitioner's Alleyne and Frye claims present purely legal

12  arguments that do not suffice to show Petitioner's actual innocence.  See Marrero v. Ives, 682

13  F.3d 1190, 1193-95 (9th Cir. 2012), *cert. denied*, — U.S. —, 133 S.Ct. 1264, 185 L.Ed.2d 206

14  (2013).  The standards announced by the various circuit courts for an "actual innocence" claim

15  contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United

16  States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re

17  Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re

18  Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  In the Ninth Circuit, a claim of actual innocence for

19  purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United

20  States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).  In Bousley, the

21  Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that,

22  in light of all the evidence, it is more likely than not that no reasonable juror would have

23  convicted him."  Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Furthermore,

24  "actual innocence means factual innocence, not mere legal insufficiency." Id.

25     The decisions in Alleyne and Frye are not relevant to the issue of whether Petitioner

26  is actually innocent of the crime for which he has been convicted, which is the standard for a

27  claim to qualify under the savings clause.  See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir.

28  2003).  At the present time, the Ninth Circuit has not held that a petitioner's claim that he is

1  innocent of the sentence qualifies for the savings clause, and therefore, Petitioner cannot avail

2  himself of the savings clause.  See Marrero, 682 F.3d at 1194-95.  Petitioner has not set forth

3  specific facts not previously presented that make a convincing case that Petitioner did not

4  commit the offense.  Therefore, Petitioner's Frye and Alleyne claims are not cognizable claims

5  of actual innocence for the purposes of qualifying under the savings clause to bring a Section

6  2241 petition.  See Marrero, 682 F.3d at 1193-94.

7        Moreover, Alleyne does not apply retroactively to cases on collateral review.  See

8  Hughes v. United States, 770 F.3d 814 (9th Cir. 2014).  Furthermore, Frye did not create a new

9  rule of constitutional law or recognize a new right, because the Supreme Court was merely

10  applying an established rule to the facts of the case.  See Buenrostro v. United States, 697 F.3d

11  1137, 1140 (9th Cir. 2012).  In Buenrostro, the Ninth Circuit Court of Appeals explained:

12
13        The Supreme Court in both [Frye and Lafler] merely applied the
        Sixth Amendment right to effective assistance of counsel
        according to the test articulated in Strickland v. Washington, 466
14        U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and
        established in the plea-bargaining context in Hill v. Lockhart, 474
15        U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Because the Court
        in Frye and Lafler repeatedly noted its application of an established
16        rule to the underlying facts, these cases did not break new ground
        or impose a new obligation on the State or Federal Government.

17  697 F.3d at 1139–40 (internal citations omitted).  Therefore, the Court finds that the Supreme

18  Court's decision in Frye did not create a new rule of constitutional law or recognize a new right

19  that applies to the present case.

20        Thus, Petitioner has not satisfied the savings clause, and may not proceed under Section

21  2241.  Motions pursuant to § 2255 must be heard in the sentencing court.  28 U.S.C. § 2255(a);

22  Hernandez, 204 F.3d at 864-65.  Because this Court is only the custodial court and construes the

23  petition as a §2255 motion, this Court lacks jurisdiction over the petition.  See Hernandez, 204

24  F.3d at 864-65.  If Petitioner wishes to pursue his claims in federal court, he must do so by way

25  of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the

26  sentencing court.  Accordingly, the Court does not have jurisdiction, and the petition must be

27  dismissed.

28  ///

6

## III.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

1    In the present case, the Court finds that reasonable jurists would not find the Court's

2 determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

3 deserving of encouragement to proceed further.  Petitioner has not made the required substantial

4 showing of the denial of a constitutional right.  Accordingly, the Court hereby declines to issue a

5 certificate of appealability.

6                                                              **IV.**

7                                                          **ORDER**

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  The petition for writ of habeas corpus is DISMISSED as the petition does not allege

10        cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241;

11   2.  The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

12   3.  The Court DECLINES to issue a certificate of appealability.

13

IT IS SO ORDERED.

14

15   Dated:   **February 11, 2015**                      **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28