1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN, | Case No.  1:15-cv-00122-GSA-HC |
| Petitioner, | ORDER DENYING MOTIONS FOR EXTENSION OF TIME (ECF No. 11 & 15) |
| v. | |
| ANDRE MATEVOUSIAN[1], | ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 17) |
| Respondent. | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On January 22, 2015, Petitioner filed his petition for writ of habeas corpus.  (ECF No. 1). Petitioner consented to Magistrate Judge jurisdiction on January 26, 2015.  (ECF No. 6).  On February 11, 2015, the undersigned dismissed the petition.  (ECF No. 7).  On March 18, 2015, Petitioner filed a document entitled, "Motion for Extension of Time for Excusable Neglect, F. R. CV. P. rule 6(b) Pro-se."  (ECF No. 11).  On March 19, 2015, his former counsel filed a motion to withdraw as attorney.  (ECF No. 13).  Petitioner did not respond to the Court's minute order

---

[1] Andre Matevousian is the new Warden at the U.S. Penitentiary at Atwater, and he will be substituted as Respondent in this matter.

1  directing him to file an opposition or notice of non-opposition to the motion to withdraw as

2  attorney.  On May 14, 2015, Petitioner filed a motion for extension of time to file his motion for

3  reconsideration by May 18, 2015.  (ECF No. 15).  On May 18, 2015, the Court granted the

4  motion to withdraw as attorney.  (ECF No. 16).  On May 18, 2015, Petitioner filed his motion for

5  reconsideration of the Court's order dismissing the case.  (ECF No. 17).

6                                          **II.**

7                      **MOTIONS FOR EXTENSION OF TIME**

8          A petitioner may file a motion for reconsideration of a final judgment, and the motion

9  may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure

10  59(e) or as a motion for relief from judgment or order under Federal Rule of Civil Procedure

11  60(b).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later

12  than 28 days after the entry of the judgment."  Judgment was entered on February 11, 2015, and

13  therefore, Petitioner had to file a motion under Rule 59(e) by March 11, 2015.  On March 18,

14  2015, Petitioner filed his motion for extension of time to file his motion for reconsideration by

15  May 10, 2015.  (ECF No. 11).  On May 14, 2015, Petitioner filed a second motion for extension

16  of time to file his motion for reconsideration by May 18, 2015.  (ECF No. 15).

17          The Court is unable to extend the time to file a motion under Fed. R. Civ. P. 59(e).

18  Federal Rule of Civil Procedure 6(b)(2) provides that "[a] court must not extend the time to act

19  under Rules … 59(b), (d), and (e), and 60(b)."  Therefore, Petitioner is unable to receive an

20  extension of time to file a motion pursuant to Rule 59(e).  However, a party may file a motion for

21  reconsideration pursuant to Rule 60(b) within a reasonable time, and within a year of entry of

22  judgment if the motion is brought pursuant to Rule 60(b)(1), (2), or (3).  See Fed. R. Civ. P.

23  60(c).  The date that Petitioner sought an extension until was within a year of entry of judgment.

24  As Petitioner filed his motion for reconsideration on May 18, 2015, it was filed within the year

25  time period for a Rule 60(b) motion.  Therefore, Petitioner does not need an extension of time to

26  file his motion for relief from judgment pursuant to Rule 60(b).  The Petitioner's motion for

27  reconsideration is timely filed pursuant to Rule 60(b).  In addition, the Court notes that pursuant

28  to Rule 6(b)(2), the Petitioner is unable to receive an extension of time to file a motion pursuant

to Rule 60(b).    Thus, Petitioner's motion for an extension of time will be denied.

## III.

## MOTION FOR RECONSIDERATION

The Court will review Petitioner's motion for reconsideration pursuant to Rule 60(b).[2] Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or  misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the dismissal.  As to subsection (b)(1), a court may reconsider its judgment when there has been surprise, excusable neglect, inadvertence, or mistake, including an error of law.  See Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982).  For a party to be entitled to relief under Rule 60(b)(6), he must show " 'extraordinary circumstances' justifying the reopening of a final judgment."  Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).  The rule "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal citations

---

[2] Petitioner cites other cases in this Court that have presented § 2241 arguments.  However, the Court notes that these other cases have also been dismissed for lack of jurisdiction.  See Lai v Copenhaver, 1:14-cv-01705-MJS-HC; Lii v. Copenhaver, 1:13-cv-01508-AWI-MJS-HC.

1  omitted).

2      Petitioner alleges that he is actually and factually innocent.  (ECF No. 17 at 8).[3]  In the

3  Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is

4  tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United</u>

5  <u>States</u>, 523 U.S. 614 (1998).  In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual

6  innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not

7  that no reasonable juror would have convicted him."  <u>Bousley</u>, 523 U.S. at 623 (internal

8  quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere

9  legal insufficiency." <u>Id.</u>

10      Petitioner argues that he is entitled to relief because of <u>Descamps v. United States</u>, __

11  U.S. __, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).  Petitioner argues that he no longer qualifies

12  for the 841 enhancement because of double jeopardy as set forth in <u>Descamps</u>.  (ECF No. 17 at

13  12).  Petitioner argues that he was sentenced on both counts 1 and 2, but he should have only

14  been sentenced on one of these counts.  (<u>Id.</u>).  However, Petitioner did not raise any arguments

15  related to <u>Descamps</u> in his petition.  In his petition, Petitioner only raised claims concerning

16  <u>Alleyne v. United States</u>, ⸺ U.S. ⸺, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and <u>Missouri</u>

17  <u>v. Frye</u>, ⸺ U.S.  ⸺, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).  (ECF No. 1).  If Petitioner

18  wishes to raise claims concerning <u>Descamps</u>, he must do so in a new petition, but the Court

19  expresses no opinion as to the merits of such a petition.

20      Petitioner also tries to argue that his counsel was ineffective for not contesting an illegal

21  search, but Petitioner did not raise this argument in his petition and this claim is not entitled to

22  the "savings clause" for his Section 2255 petition.

23      In his motion for reconsideration, Petitioner asserts that he would have accepted the plea

24  deal instead of going to trial if he knew about the 25 year plea deal.  Petitioner's statement that

25  he would have accepted the plea deal for 25 years is not sufficient to show actual innocence.

26  Petitioner has not presented sufficient evidence to show actual innocence.  In his motion for

27

28  [3] References to page numbers are the ECF page numbers which are stamped at the top right of the page in ECF.

1   reconsideration, Petitioner claims that there was no evidence that he was participating in a drug

2   deal as the probable cause to stop his vehicle, but he does not present any other evidence besides

3   this one sentence.   This statement is insufficient to show actual innocence as required by

4   <u>Bousley</u>.  Petitioner presents legal arguments that do not implicate Petitioner's factual innocence.

5   Petitioner has not set forth specific facts not previously presented that "demonstrate that, in light

6   of all the evidence, it is more likely than not that no reasonable juror would have convicted him."

7   <u>Bousley</u>, 523 U.S. at 623.   Therefore, Petitioner has not satisfied the actual innocence standard

8   that was set forth in <u>Bousley</u>.  Thus, Petitioner's motion for reconsideration must be denied.

9                                                    **IV.**

10                                                  **ORDER**

11          Accordingly, IT IS HEREBY ORDERED that Petitioner's motions for extension of time

12   to file a motion for reconsideration are DENIED and Petitioner's motion for reconsideration is

13   DENIED.

14

15   IT IS SO ORDERED.

16   Dated:   **June 16, 2015**                       **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28