# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN, | Case No. 1:15-cv-00122-GSA-HC |
| Petitioner, | ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION (ECF No. 19) |
| v. | |
| ANDRE MATEVOUSIAN, | |
| Respondent. | |

Petitioner is a federal prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 11, 2015, the undersigned dismissed the petition. (ECF No. 7). On May 18, 2015, the Court granted the motion to withdraw as attorney. (ECF No. 16). On May 18, 2015, Petitioner filed his first motion for reconsideration of the Court's order dismissing the case. (ECF No. 17). On June 17, 2015, the Court denied Petitioner's motion for reconsideration. (ECF No. 18). On July 13, 2015, Petitioner filed a second motion for reconsideration. (ECF No. 19).

The Court will review Petitioner's motion for reconsideration pursuant to Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or  misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's arguments do not merit reconsideration of the dismissal.  As to subsection (b)(1), a court may reconsider its judgment when there has been surprise, excusable neglect, inadvertence, or mistake, including an error of law.  See Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982).  For a party to be entitled to relief under Rule 60(b)(6), he must show " 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).  The rule "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal citations omitted).

Petitioner argues that new United States Supreme Court case of Johnson v. United States, 135 S.Ct. 2551 (2015), stands for the proposition that challenges to statutory law are always retroactive.  (ECF No. 19 at 1).  However, Johnson's reasoning is limited in application to the validity of the Armed Career Criminal Act ("ACCA") residual clause.  See Johnson, 135 S.Ct. at 2563.  The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.  Our contrary holdings in James and Sykes are overruled.  Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

It appears that Petitioner's arguments related to Johnson are to support his claims concerning Descamps v. United States, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and the

categorical approach to the residual clause of the ACCA. In Petitioner's first motion for reconsideration, he raised an argument related to Descamps. As the Court previously noted, Petitioner did not raise any arguments related to Descamps in his petition. If Petitioner wishes to raise claims concerning Descamps, he must do so in a new petition, but the Court expresses no opinion as to the merits of such a petition. Thus, Petitioner's second motion for reconsideration must be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's second motion for reconsideration (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated: **July 29, 2015**             /s/ Gary S. Austin
                                                      UNITED STATES MAGISTRATE JUDGE