# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>   Petitioner,<br><br>   v.<br><br>ANDRE MATEVOUSIAN,<br><br>   Respondent. | Case No. 1:15-cv-00122-EPG-HC<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENT ON PETITIONER<br><br>ORDER REOPENING TIME TO FILE APPEAL |

Petitioner Marcellas Hoffman is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 11, 2015, the Court dismissed the Petition. (ECF No. 7). On May 18, 2015, the Court granted the motion to withdraw as attorney. (ECF No. 16). That same day, Petitioner filed his first motion for reconsideration of the Court's order dismissing the case. (ECF No. 17). On June 17, 2015, the Court denied Petitioner's motion for reconsideration. (ECF No. 18). On July 13, 2015, Petitioner filed a second motion for reconsideration. (ECF No. 19). On July 30, 2015, the Court denied Petitioner's second motion for reconsideration. (ECF No. 20).

On December 15, 2015, Petitioner filed the instant motion, alleging he never received the Court's July 30th order denying his second motion for reconsideration. (ECF No. 21). Additionally, it appears that Petitioner wishes to pursue some sort of appeal.[1] When one of the

---
[1] The Court notes that it previously declined to issue a certificate of appealability. (ECF No. 7 at 8).

parties is a United States officer or employee sued in an official capacity, the time for filing a notice of appeal is 60 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(B). However, the Court may reopen the time to file an appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court construes the instant motion as a motion to reopen the time to file an appeal. See Bernhardt v. Los Angeles County, 339 F.2d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally); Castro v. United States, 540 U.S. 375, 381-82 (2003) (courts may recharacterize a *pro se* motion to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). The Court finds that Petitioner did not receive notice under Federal Rule of Civil Procedure 77(d) of entry of the Court's order denying Petitioner's second motion for reconsideration within 21 days after entry. The Court further finds that the motion has been timely filed and that no party would be prejudiced by reopening the time to file an appeal of the order.

Accordingly, the Court HEREBY ORDERS:

1. The Clerk of the Court is DIRECTED to SERVE a copy of the July 30th order denying Petitioner's second motion for reconsideration (ECF No. 20) on Petitioner.

\\
\\
\\
\\
\\

2. The time to file an appeal is reopened. If Petitioner wishes to pursue an appeal of the Court's July 30th order denying his second motion for reconsideration, the Notice of Appeal SHALL BE FILED within **FOURTEEN (14)** days after entry of this order. See Fed. R. App. P. 4(a)(6).

IT IS SO ORDERED.

Dated:   **December 16, 2015**                /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE