1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11    MARCELLAS HOFFMAN,                    Case No. 1:15-cv-00122-EPG-HC

12             Petitioner,                 ORDER DENYING CERTIFICATE OF
                                           APPEALABILITY FOR DENIAL OF
13        v.                               SECOND MOTION FOR
                                           RECONSIDERATION
14    ANDRE MATEVOUSIAN,
                                           (ECF No. 20)
15             Respondent.

16

17        Petitioner Marcellas Hoffman is a federal prisoner proceeding *pro se* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241. Per the Ninth Circuit's direction (ECF No.

19   29), the Court determines whether it will issue a certificate of appealability for the Court's denial

20   (ECF No. 20) of Petitioner's second motion for reconsideration of the denial of his habeas

21   petition (ECF No. 19). For the reasons below, the Court denies a certificate of appealability.

22        **I.    Procedural History**

23        In his petition, Petitioner claimed that his sentence is contrary to Alleyne v. United

24   States, 133 S. Ct. 2151 (2013), and that his attorney did not tell him about a plea offer, in

25   violation of Missouri v. Frye, 132 S. Ct. 1399 (2012). (ECF No. 1). On February 11, 2015, the

26   Court dismissed the petition.[1] (ECF No. 7). The Court found that Petitioner did not establish a

27   claim of actual innocence and thus, failed to demonstrate that his petition qualified under the

28   _____

[1] This order and all others prior to December 11, 2015, were issued by Magistrate Judge Gary S. Austin.

1  savings clause of 28 U.S.C. § 2255. As the petition was a disguised section 2255 motion, the

2  Court did not have jurisdiction. The Court declined to issue a certificate of appealability for the

3  dismissal of the petition, and Petitioner did not file an appeal of the Court's dismissal.

4        On May 18, 2015, Petitioner filed his first motion for reconsideration of the Court's order

5  dismissing the petition. (ECF No. 17). Petitioner argued that: he is actually and factually

6  innocent, he is entitled to relief pursuant to Descamps v. United States, 133 S. Ct. 2276 (2013),

7  his counsel was ineffective for not contesting an illegal search, and he would have accepted a 25-

8  year plea deal if he had known of the deal. On June 17, 2015, the Court denied Petitioner's

9  motion for reconsideration. (ECF No. 18). The Court reviewed the motion pursuant to Federal

10  Rule of Civil Procedure 60(b). The Court again found that Petitioner did not establish a claim of

11  actual innocence and thus, failed to demonstrate that his petition qualified under the savings

12  clause of 28 U.S.C. § 2255. The Court noted that if Petitioner wished to raise claims concerning

13  Descamps, which were not included in the initial petition with this Court, he must do so in a new

14  petition. (ECF No. 18 at 4). Petitioner did not file an appeal of the Court's order denying his first

15  motion for reconsideration.

16        **II.      Petitioner's Second Motion for Reconsideration**

17        On July 13, 2015, Petitioner filed a second motion for reconsideration, which is the

18  motion presently at issue on remand. (ECF No. 19). Petitioner argued that the recently decided

19  Supreme Court case of Johnson v. United States, 135 S. Ct. 2551 (2015), stands for the

20  proposition that challenges to statutory law are always retroactive and adds support to Descamps.

21  On July 30, 2015, the Court denied Petitioner's second motion for reconsideration, finding that it

22  set forth arguments under Johnson to supplement and support Petitioner's Descamps claims that

23  should be raised in a new petition. (ECF No. 20).

24        On December 17, 2015, the Court reopened the time for Petitioner to file an appeal of the

25  Court's order denying his second motion for reconsideration because Petitioner was never served

26  with said order. (ECF No. 25). Petitioner filed a notice of appeal and the appeal was processed to

27  the Ninth Circuit Court of Appeals. (ECF Nos. 26, 27).

28  \\\

2

1

**III.     Whether to Issue Certificate of Appealability**

2      On January 8, 2016, citing to United States v. Winkles, 795 F.3d 1134, 1142 (9th Cir.

3  2015), the Ninth Circuit remanded the case to this Court for the limited purpose of granting or

4  denying a certificate of appealability for the denial of Petitioner's second Rule 60(b) motion for

5  relief from judgment. (ECF No. 29).

6      Winkles answered an open question in this circuit and held that a certificate of

7  appealability "is required to appeal the denial of a [legitimate] Rule 60(b) motion for relief from

8  judgment arising out of the denial of a section 2255 motion." Winkles, 795 F.3d at 1142. The

9  Ninth Circuit noted that courts of appeals that have articulated standards for issuance of a

10 certificate of appealability in this context relied on Slack v. McDaniel, 529 U.S. 473 (2000).

11 Winkles, 795 F.3d at 1143. In Slack, the Supreme Court held that if a court denies habeas relief

12 on procedural grounds without reaching the underlying constitutional claims, the court should

13 issue a certificate of appealability when a petitioner shows "that jurists of reason would find it

14 debatable whether the petition states a valid claim of the denial of a constitutional right and that

15 jurists of reason would find it debatable whether the district court was correct in its procedural

16 ruling." Slack, 529 U.S. at 484. Relying on Slack, the Ninth Circuit similarly held in Winkles

17 that if a court denies a Rule 60(b) motion in a section 2255 proceeding, a certificate of

18 appealability should only issue if "(1) jurists of reason would find it debatable whether the

19 district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason

20 would find it debatable whether the underlying section 2255 motion states a valid claim of the

21 denial of a constitutional right." Winkles, 795 F.3d at 1143. The Winkles standard applies to

22 appeals of the denial of a "legitimate" Rule 60(b) motion for relief from judgment arising out of

23 the denial of a section 2255 motion. Id. at 1139, 1141 (discussing Gonzalez v. Crosby, 545 U.S.

24 524 (2005), which held that a "legitimate" Rule 60(b) motion attacks some defect in the integrity

25 of the federal habeas proceedings while a Rule 60(b) motion asserting a federal basis for relief

26 from a judgment of conviction is treated as a second or successive habeas petition).

27      Here, Petitioner has not shown that jurists of reason would find it debatable whether the

28 Court abused its discretion in denying his second Rule 60(b) motion for reconsideration. See

3

1  Towery v. Ryan, 673 F.3d 933, 940 (9th Cir. 2015) (quoting Gonzalez, 545 U.S. at 535)

2  ("[R]elief under Rule 60(b)(6) requires the moving party to make a showing of 'extraordinary

3  circumstances.' 'Such circumstances will rarely occur in the habeas context[.]'"). As both prongs

4  of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not

5  entitled to a certificate of appealability under Winkles.

6        To the extent that Petitioner's second motion for reconsideration is not a "legitimate"

7  Rule 60(b) motion, see Gonzalez, 545 U.S. at 531-32, because it raised a new claim rather than

8  challenging the integrity of the habeas proceedings, Petitioner still does not satisfy the standard

9  set forth in Slack. Petitioner has not shown that jurists of reason would find it debatable whether

10 the Court was correct in its procedural ruling that if Petitioner wishes to raise new claims

11 concerning Johnson and Descamps, he must do so in a new petition. As both prongs of the

12 standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled

13 to a certificate of appealability under Slack.

14        **IV.    Conclusion**

15       Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

16       The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit

17 Court of Appeals.

18
   IT IS SO ORDERED.
19

20    Dated:   **January 13, 2016**            /s/ _Erica P. Grosjean_
21                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28